UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN LYONS,

       Plaintiff,                                                        Case No. 08-11885

vs.                                                                George Caram Steeh
                                                                      United States District Judge

J. JAMESON, *et al.*,

                                                                      Michael Hluchaniuk
      Defendants.                                United States Magistrate Judge
_____/

**REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION TO CHANGE VENUE**

**I.    PROCEDURAL HISTORY**

Plaintiff, a prisoner in the custody of the State of Michigan, filed his civil rights complaint pursuant to 42 U.S.C. § 1983 on May 5, 2008. (Dkt. 1). He claims that defendants used excessive force against him, causing serious injuries, and retaliated against him, in violation of the United States Constitution. *Id*.

Plaintiff does not make any specific allegations regarding whether venue is proper in the Eastern District of Michigan, but appears to have filed his complaint in this District because he is currently incarcerated in a prison in Adrian, Michigan, which is located within this district. (Dkt. 1, p. 1). Plaintiff alleges that the incident that is the basis of his complaint occurred at Ionia Maximum Correctional

Facility, which is located in Ionia County. *Id*. at 4-7. Plaintiff also alleges that all defendants are employed at the Ionia Maximum Correctional Facility. *Id*. at 4.

On August 14, 2008, defendants filed a motion to change venue under 28 U.S.C. § 1404 alleging that all defendants are located in the Western District of Michigan and that the incident that gives rise to this complaint occurred in the Western District. (Dkt. 16). Thus, according to defendants, this Court should, in the interests of justice and convenience of the parties, transfer this matter pursuant to § 1404. *Id*.[1]

It appears that the motion to change venue filed by defendants can be decided without further information or arguments from the parties and, based on the submissions of the parties, **IT IS RECOMMENDED** that defendants' motion be **GRANTED** for the following reasons.

## II. DISCUSSION

Defendants have moved to transfer this matter under 28 U.S.C. § 1404, which permits the court to transfer a matter to another district in which it could have been brought for the convenience of the parties. Section 1404 only permits transfer when venue is proper in the transferor court, here, the Eastern District of Michigan. *See, Pikas v. Williams Companies, Inc.*, 542 F.Supp.2d 782, 789 n. 4

---

[1] The deadline for plaintiff to file a response – September 2, 2008 – has now passed.

2

Report and Recommendation
Defendants' Motion to Change Venue
*Lyons v. Jameson, et al*, Case No. 08-11885

(S.D. Ohio 2008). It is well established that the transfer of venue is a matter with the sound discretion of a district court. *Norwood v. Kirkpatrick*, 349 U.S. 29, 31-33 (1955). A motion for transfer of venue is not required, and the court may enter an Order *sua sponte*. *Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989).

As the United States Supreme Court has explained, there is a difference between § 1404, under which defendants moved, and 28 U.S.C. § 1406,[2] which permits transfer to a proper venue when venue was improperly laid in the first instance:

> For the federal-court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action. *See* 28 U.S.C. § 1404(a)("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *cf.* § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

---

[2] It is unclear why defendants did not move to transfer venue under § 1406. Defendants raised *improper* venue as an affirmative defense in their answer to plaintiff's complaint. (Dkt. 17, p. 2, ¶ 7). Further, § 1406 specifically provides that the district court may act to transfer a matter even if a "party...does not interpose [a] timely and sufficient objection to venue." 28 U.S.C. § 1406(b). Thus, waiver of this defense is not an issue.

*Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, — U.S. —, 127 S.Ct. 1184, 1190-1191 (2007).  In short, transfer under § 1404 is from proper district to proper district and transfer under § 1406 is from improper district to proper district.  As discussed below, in this case, transfer is likely more appropriate under § 1406 than § 1404 because the Eastern District does not appear to be a proper venue.  Thus, the undersigned recommends transferring this matter pursuant to § 1406.  However, should the District Court conclude that the Eastern District is a proper venue, the undersigned recommends transferring this matter pursuant to § 1404 for the convenience of the parties and in the interests of justice.

Venue in a federal question case lies in the district in which any defendants reside or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b).  Public officials "reside" in the county in which they serve for purposes of venue in a suit challenging official acts.  *Wichert v. Caruso*, 2007 WL 2904053, *3 (W.D. Mich. 2007), citing, *Butterworth v. Hill*, 114 U.S. 128, 132 (1885), and *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir.), cert. denied, 411 U.S. 964 (1973).  In this case, according to the complaint, all defendants "reside" in Ionia, Michigan, which lies in Ionia County.  In addition, plaintiff's allegations against all defendants arose in Ionia County, where all defendants allegedly committed the acts giving rise to this case.  *Wichert*, at *3, citing, Leroy *v. Great W. United Corp.*, 443 U.S. 173, 185-87 (1979).  Ionia

County is located in the Western District of Michigan. 28 U.S.C. § 102(b). In these circumstances, venue is proper only in the Western District. Consequently, the undersigned recommends that the case be transferred to the Western District, pursuant to § 1406, where venue is proper.

In the alternative, should the District Court conclude that the Eastern District is a proper venue, the undersigned recommends that, pursuant to § 1404, this matter be transferred to the Western District of Michigan for the convenience of the parties and in the interests of justice, given that all named defendants reside in Ionia County, where all defendants allegedly committed the acts at issue.

## III. RECOMMENDATION

Accordingly, for the reasons stated above, **IT IS RECOMMENDED** that defendants' motion to change venue be **GRANTED** and that this matter be transferred to the Western District of Michigan.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this

Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not exceed 20 pages in length unless such page limitation is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

|  |  |
|---|---|
| Date: September 3, 2008 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

# **CERTIFICATE OF SERVICE**

      I certify that on September 3, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: John L. Thurber. I also certify that I have mailed, by United States Postal Service, the foregoing paper to the following non-ECF participants: Steven Lyons, # 320778, E.C. BROOKS CORRECTIONAL FACILITY, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444.

                                                s/James P. Peltier
                                                Courtroom Deputy Clerk
                                                U.S. District Court
                                                600 Church Street
                                                Flint, MI 48502
                                                (810) 341-7850
                                                pete_peltier@mied.uscourts.gov

7

Report and Recommendation
Defendants' Motion to Change Venue
*Lyons v. Jameson, et al*, Case No. 08-11885